**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHERI CHIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11 CV 117 DDN |
| ) | |
| TRANSPORTATION INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant and ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| A.I.G. AGENCY, INC., d/b/a ) | |
| ASSOCIATED INSURANCE GROUP, ) | |
| ) | |
| Third Party Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of third party defendant A.I.G. Agency, Inc. (A.I.G.) to vacate or amend the court's order that allowed the substitution of Sheri Chipman as plaintiff in place of her late husband, Paul DeClue. (Doc. 135.)

A.I.G. argues that Sheri Chipman failed to meet the 90-day deadline set forth in Fed. R. Civ. P. 25(a)(1). On October 15, 2012, A.I.G. filed a suggestion of death of Paul DeClue. (Doc. 105.) On January 18, 2013, Sheri Chipman moved to substitute herself as plaintiff in place of Paul Declue, which the court granted. (Docs. 122, 127.) Fed. R. Civ. P. 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Under Fed. R. Civ. P. 6(a)(1), the time period for Chipman to file her motion ended on Monday, January 14, 2013, because the ninetieth day was Sunday, January 13. See Fed. R. Civ. P. 6(a)(1)(C). However, A.I.G. served the suggestion of death on plaintiff's counsel by mail, as authorized by Rule 5(b)(2)(C). (Doc. 105 at 2.) Such service added an additional three days to the time period within which the motion for substitution needed to be filed. See Fed. R. Civ. P. 6(d). So, three days past January 14 was January 17. The motion for substitution, then, was filed one day late.

A.I.G. argues that the court ought not extend the time for the motion to substitute to be filed, because Chipman failed to show that excusable neglect caused the delay. Fed. R. Civ. P. (6)(b)(1)(B). The court disagrees.

Regarding excusable neglect, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . the danger of prejudice to the [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Neither Transportation Insurance Company nor A.I.G. argues it would suffer substantial prejudice or that these judicial proceedings would be negatively affected by the court extending the time period for filing to January 18.

To explain her delay, plaintiff offers the unexpected nature of her husband Paul DeClue's death and the financial pressures that resulted in the sale of her home. (Doc. 125 at 3-4.) According to plaintiff, these factors resulted in the delay of the opening of DeClue's probate estate. (Id. at 4.) Further, plaintiff filed the motion to substitute on the day of the probate estate opening. (Id. at 1.) The court finds that excusable neglect caused plaintiff's delay. See In re Prempro Products Liab. Litig., 2009 WL 358264, *1 (E.D. Ark. 2009) (finding excusable neglect for a two-year delay relying solely on lack of prejudice, no impact on the proceedings, and good faith). The court retrospectively extends the period of time to January 18, 2013 for Sheri Chipman to file her motion for substitution as plaintiff in this action. A.I.G.'s motion to vacate is denied.

A.I.G. also requests that, if the court denies its motion to vacate, the court amend the order under 28 U.S.C. § 1292 and certify the order for immediate appeal to the United States Court of Appeals for the Eighth Circuit. For certification under § 1292, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994).

"A legal question of the type referred to in § 1292(b) contrasts with a matter for the discretion of the trial court." Id. The order at issue involves excusable neglect for missing a filing deadline by one day on a matter not directly related to the parties' pleaded allegations, and determination of excusable neglect is a matter of discretion. Kaubisch v. Weber, 408 F.3d 540, 542 (8th Cir. 2005).

Accordingly, A.I.G.'s request for certification of the order to the court of appeals under 28 U.S.C. § 1292 is denied.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of third party defendant A.I.G. Agency, Inc. to vacate or amend (Doc. 135) is denied.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 19, 2013.