UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERI CHIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11 CV 117 DDN |
| ) | |
| TRANSPORTATION INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant and ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| A.I.G. AGENCY, INC., d/b/a ) | |
| ASSOCIATED INSURANCE GROUP, ) | |
| ) | |
| Third Party Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of third party defendant A.I.G. Agency, Inc. to compel discovery responses from third party plaintiff Transportation Insurance Company. (Doc. 118.) The court heard oral argument on January 31, 2013.

**I. BACKGROUND**

On November 29, 2010, plaintiff Paul Declue commenced this action in the Circuit Court of St. Louis County against defendant Transportation Insurance Company for "equitable garnishment" under R.S.Mo. § 379.200. Cf. Mo. S. Ct. R. 90. On January 19, 2011, defendant Transportation Insurance invoked diversity of citizenship subject matter jurisdiction to remove the action to this court. 28 U.S.C. §§ 1332, 1441, 1446. On December 23, 2011, defendant Transportation Insurance filed a third party complaint adding third party defendant A.I.G. Agency, Inc. (Doc. 31.) On January 23, 2013, Sheri Chipman, as personal representative of Paul Declue's probate estate, moved to substitute herself as plaintiff, which the court granted. (Doc. 127.)

According to plaintiff's complaint, the following allegedly occurred. On June 29, 2000, Transportation Insurance issued a general liability insurance policy to Ralph Declue d/b/a Declue Tree Service. (Doc. 5 at ¶ 5.) On November 20, 2000, Transportation Insurance through A.I.G. Agency issued a certificate of insurance naming Hayden Homes

as an additional covered party. (Id. at ¶ 6.) On November 24, 2000, Paul Declue suffered serious bodily injuries when working on property owned by Hayden Homes. (Id. at ¶ 7.)

Prior to February 11, 2004, Paul Declue made pre-suit claims against Declue Tree Service and Hayden Homes. These claims were tendered to defendant Transportation Insurance for defense and indemnity coverage. Transportation Insurance rejected the tender of the defense and the indemnity. (Id. at ¶ 1st 9.)

On February 11, 2004, Paul Declue filed suit in the Circuit Court of St. Louis County against Declue Tree Service and Hayden Homes. (Id. at ¶ 8.) Declue Tree Service and Hayden Homes tendered the suit for defense and indemnity to Transportation Insurance, but Transportation Insurance rejected it. (Id.) On October 2, 2006, after plaintiff dismissed Declue Tree Service from the suit, the Circuit Court granted a consent judgment to Paul Declue against Hayden Homes in the amount of $550,000.00. (Id. at ¶ 2nd 9.) Plaintiff Sheri Chipman, as substitute plaintiff for Paul Declue, as the judgment debtor seeks satisfaction of the judgment against Transportation Insurance under R.S.Mo. § 379.200. (Id. at ¶10.)

In its second amended answer and affirmative defenses, Transportation Insurance denies liability for the state court judgment for several reasons and further alleges the state court judgment "is invalid and based on collusion or fraud of the parties to that Consent Judgment." (Doc. 83, at 3.)

In Transportation Agency's second amended third party complaint against A.I.G. Agency, the following allegedly occurred. The policy issued to Declue Tree Service stated coverage in the amount of a $100,000 per occurrence. (Doc. 86 at ¶ 4.) A.I.G. Agency acted as broker for purposes of issuing the policy with no authority to endorse or amend policies. (Id. at ¶ 5.) On November 20, 2000, without seeking permission or informing Transportation Insurance, an A.I.G. Agency employee issued a certificate of insurance to Hayden Homes that added Hayden Homes as a covered party and stated coverage in the amount of $1,000,000 per occurrence. (Id. at ¶ 6.) Third party plaintiff Transportation Insurance seeks indemnification from third party defendant A.I.G. Agency due to its unauthorized conduct in the event plaintiff is successful against Transportation Insurance. (Id. at ¶¶ 10-17.)

In its answer to the third party complaint, A.I.G. Agency alleges in part in summary fashion that Transportation Insurance has failed to mitigate its damages. (Doc. 90 at 5.)

## II. MOTION TO COMPEL

In its motion to compel, A.I.G. Agency seeks responses from Transportation Insurance to Interrogatories Nos. 7 and 8 and to compel production of documents in response to its Requests for Production Nos. 13, 17, and 18. However, in its reply memorandum, A.I.G. Agency informed the court that it no longer sought to compel a response to Interrogatory Number 7. (Doc. 129 at 3.)

**A. Interrogatory No. 8 and Requests for Production No. 17 and 18**

A.I.G. Agency's Interrogatory No. 8 states:

Interrogatory No. 8: Identify each act or omission of (a) Declue Tree Service, (b) Ralph Declue, (c) Hayden Homes, or (d) any other person or entity determined by your claims adjuster to give rise to liability to Paul Declue, and for each, state the reason for the determination that it gave rise to liability.

(Doc. 118-1 at 5.)

A.I.G. Agency's Requests for Production Nos. 17 and 18 state:

Request for Production No. 17: All documents concerning, pertaining to, or relating to any act or omission of (a) Declue Tree Service, (b) Ralph Declue, (c) Hayden Homes, or (d) any other person or entity determined by your claims adjuster to give rise to liability to Paul Declue.

Request for Production No. 18: All documents concerning, pertaining to, or relating to the reason(s) for your claims adjuster's determination that any act or omission of (a) Declue Tree Service, (b) Ralph Declue, (c) Hayden Homes, or (d) any other person or entity gave rise to liability to Paul Declue.

(Doc. 118-2 at 5-6.)

In its initial and first supplemental responses to these discovery requests, Transportation Insurance claimed the attorney-client and work product privileges and stated that the responses require disclosure of confidential business information and trade secrets and that the answers could be found in previously produced discovery and depositions. (Doc. 118-1 at 5; Doc. 118-2 at 6-7.) Regarding Interrogatory No. 8, Transportation Insurance also responded that:

> [I]t is Transportation [Insurance]'s position that the Certificate did not alter or amend the policy issued by Transportation [Insurance[ and that [A.I.G. Agency] did not have the authority to bind Transportation [Insurance] to the content of that Certificate, and that Transportation [Insurance] would have had to have issued an endorsement to the policy at issue to make the changes that are the subject of this lawsuit. The errors of [A.I.G. Agency] include the errors that have been identified on the certificate of insurance in this case, as well as its failures to implement adequate policies and procedures to ensure that such errors did not occur.

- 3 -

(Doc. 118-1 at 5.)

Transportation Insurance further addressed Interrogatory No. 8 in its second supplemental response, stating in relevant part:

> Transportation [Insurance] . . . further makes clear that the damages being sought in the Third-Party Complaint are based on the Order and Judgment entered in the underlying action filed by Paul Declue and located at TIC 000001-000002 . . . As far as acts or omissions of (a) Declue Tree Service, (b) Ralph Declue, (c) Hayden Homes, such do not appear to be relevant to the damage claim being brought by Plaintiff against Transportation [Insurance] or by Transportation [Insurance] against [A.I.G. Agency] and so were not considered significant to potential liability to Paul Declue based on the claims asserted in Plaintiff's complaint.

(Doc. 123-1 at 7-8.)

A.I.G. Agency maintains that with these discovery requests it seeks to determine Transportation Insurance's position on the liability of those insured by Transportation Insurance without reference to the validity and binding nature of the certificate of insurance and that Transportation Insurance fails to address this inquiry. Transportation Insurance argues that because Hayden Home's liability has been determined, it is no longer relevant or discoverable in this case and that it clearly responded with its view that the act creating liability to plaintiff is the underlying consent judgment. A.I.G. Agency argues that this information is relevant to determine whether Transportation Insurance mitigated its damages.

As an initial matter, Transportation Insurance failed to answer A.I.G. Agency's Interrogatory No. 8. Although the information sought may be contained in other documents already produced by Transportation Insurance, A.I.G. Agency is entitled to signed interrogatory answers by Transportation Insurance.

On the relevance objection, Fed. R. Civ. P. 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." A.I.G. Agency has alleged failure to mitigate damages as an affirmative defense against Transportation Insurance. In this diversity action, for the substantive rules of decision the court must look to the law of Missouri. Heacker v. Safeco Ins. Co. of Am., 676 F.3d 724, 727 (8th Cir. 2012) ("Missouri law applies to the equitable garnishment issues in this diversity case.").

Missouri law incorporates the avoidable consequences doctrine, also known as the duty to mitigate, and the burden of proof rests with defendant A.I.G. Agency "to show the opportunity the injured party [(Transportation Insurance)] had to mitigate and the

- 4 -

reasonable prospective consequences." Smith v. City of Miner, 761 S.W.2d 259, 261 (Mo. Ct. App. 1988); Shaughnessy v. Mark Twain State Bank, 715 S.W.2d 944, 954-55 (Mo. Ct. App. 1986). A.I.G. Agency argues that Transportation Insurance might have acted differently during the events leading up to the consent judgment in the state court suit including accepting the tender of Hayden Homes' defense or participating in the settlement of plaintiff's lawsuit. The court concludes that A.I.G. Agency's discovery request is relevant to the claims and defenses alleged. Fed. R. Civ. P. 26(b)(1).

Accordingly, A.I.G. Agency's motion to compel a response to Interrogatory No. 8 is sustained. Further, Transportation Insurance must produce any documents relating to its response, or, if such documents have already been produced, Transportation Insurance must specifically identify the documents.

**B. Request for Production No. 13**

A.I.G. Agency's Request for Production No. 13 states:

Request for Production No. 13: Your claims file(s) for any claim(s) against the Transportation Policy concerning, pertaining to, or relating to Plaintiff, Hayden Homes, and/or the events described in the Petition and/or Third-Party Complaint.

(Doc. 118-2 at 3.)

Transportation Insurance objected to this request for production on the grounds of relevance, the attorney-client and work product privileges, the fact that certain documents contain confidential business information or trade secrets, and because it had previously produced the discovery. (Id. at 3-4.)

The information sought by A.I.G. Agency is relevant to its affirmative defense that Transportation Insurance failed to mitigate its damages for which it seeks judgment against A.I.G. Agency. A.I.G. Agency seeks access to Transportation Insurance's claim file to determine whether Transportation Insurance could have mitigated damages by accepting the tender of the defense of Hayden Homes or contributing to an earlier settlement of the underlying lawsuit. Considering the scope of A.I.G. Agency's affirmative defense, the discovery request is relevant.

Transportation Insurance states that it has produced the entire claim file except for internal investigative files that include communications with counsel and its insured. According to Transportation Insurance, the documents are identified in a privilege log filed with the court (Doc. 110-1) and are protected by attorney-client and work product

privileges. Finally, Transportation Insurance maintains that it has not waived the attorney-client privilege.

A.I.G. Agency argues that the privileges do not protect every document in the claims file and that Transportation Insurance waived the privileges by seeking indemnification. Specifically, the documents A.I.G. Agency seeks to compel are limited to those generated prior to the filing of the instant lawsuit.[1] "When a party claims that certain documents are privileged and provides a list or log of those documents, the other party, the one seeking discovery, must take the initiative, for if the party seeking discovery does not press for *in camera* review of a particular document, the process ends with the claim of privilege de facto upheld." PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 992 (8th Cir. 1999). Accordingly, the court limits its inquiry to whether Transportation Insurance waived the privileges.

"Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases." Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 731 (8th Cir. 2002). Under Missouri law, information is protected by attorney-client privilege if it is voluntarily transmitted between a client and lawyer in confidence by a means that does not generally disclose information to third parties. Missouri v. Longo, 789 S.W.2d 812, 815 (Mo. Ct. App. 1990); Mo. Rev. Stat. § 491.060(3). A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication at issue. Sappington v. Miller, 821 S.W.2d 901, 904 (Mo. Ct. App. 1992).

Work product privilege is defined by Fed. R. Civ. P. 26(b)(3)(A), which states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. . . But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). Work product privilege may also be waived, and the privilege should be "applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis." Pamida, 281 F.3d at 732. To determine whether

---

[1] In its reply memorandum, A.I.G. Agency limited its request to documents created prior to November 1, 2010. (Doc. 129 at 5.) The proposed cutoff date predates plaintiff's filing of the petition in this suit by about a month.

Transportation Insurance waived the work product privilege, the court must consider whether it intended to waive the privilege and the interests of fairness and consistency. Id.

In its third party complaint, Transportation Insurance seeks indemnification including attorney fees for the instant action.[2] (Doc. 86.) Under Missouri law, to establish a claim for indemnity, Transportation Insurance must show: (1) "the discharge of an obligation by the plaintiff"; (2) "the obligation discharged by the plaintiff is identical to an obligation owed by the defendant"; and (3) "the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged." Beeler v. Martin, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010).

In a similar case, Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726 (8th Cir. 2002), the plaintiff sought indemnification from the defendant for the costs incurred in the defense and settlement of a patent infringement action. Id. at 728. The defendant sought from plaintiff depositions and documents relating to the patent infringement suit in order to investigate plaintiff's handling of the suit and the propriety of the attorney fees sought by plaintiff. Plaintiff moved to quash the discovery requests, which the court granted. Id. at 728-29. On appeal, the Eighth Circuit found that the defendant's entitlement to the requested discovery turned on whether plaintiff waived its attorney-client and work product privileges. Id. at 731. The Eighth Circuit concluded that the plaintiff waived both "by filing a lawsuit for indemnification seeking recovery for legal expenses thereby putting the work of its attorneys directly at issue in the case." Id.

Despite the similarities, this court finds that the matter before it is distinguishable from Pamida. First, A.I.G. Agency has indicated to the court that its request for discovery is limited to documents created prior to November 1, 2010 to avoid documents prepared for the instant action. In Pamida, the Eighth Circuit found the plaintiff's request for attorney fees in particular constituted waiver of the privileges. Pamida, 281 F.3d at 731; PETCO Animal Supplies Stores, Inc. v. Ins. Co. of N. Am., 2011 WL 2490298, *15 (D. Minn. 2011). Here, Transportation Insurance seeks fees only for the instant action, and thus, arguably waived the attorney-client privilege only for such related documents.

---

[2] In its third party complaint, Transportation Insurance also seeks attorney fees incurred in "prior actions asserted by Plaintiff, Hayden Homes, or Amerisure, prior demands made by Plaintiff, Hayden Homes or Amerisure." (Doc. 86 at 6-7.) At oral argument, Transportation Insurance indicated that it no longer sought these attorney fees.

Effectively, A.I.G. Agency limited its request to documents protected by attorney-client privilege, which Transportation Insurance did not waive.

Second, in Pamida, the Eighth Circuit applied Nebraska law, and here, Missouri law controls. Missouri courts have held that seeking indemnification for attorney fees does not waive attorney-client privilege. State ex rel. Chase Resorts, Inc. v. Campbell, 913 S.W.2d 832, 837 (Mo. Ct. App. 1995). Accordingly, the court finds no waiver of attorney-client privilege regarding the documents requested by A.I.G. Agency.

The privilege log filed by Transportation Insurance indicates that each document protected by attorney-client privilege is also protected by work product privilege. Therefore, even if the court found waiver of the work product privilege, attorney-client privilege would continue to apply, which renders further discussion of work product privilege unnecessary.

Transportation Insurance's designation of information as proprietary, confidential, or trade secret, does not completely bar discovery of such material. Taiyo Int'l, Inc. v. Phyto Tech Corp., 275 F.R.D. 497, 500 (D. Minn. 2011) (citing Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 362 (1979)). However, Fed. R. Civ. P. 26(c) allows courts to issue protective orders for such information. In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991).

Accordingly, A.I.G. Agency's motion to compel production for Request for Production No. 13 is denied.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of third party defendant A.I.G. Agency, Inc. to compel responses to Interrogatory 8 and Requests for Production 17 and 18 (Doc. 118) is sustained. Unless otherwise agreed to by the parties, or subject to further order, this information shall be produced within 14 days of this date.

**IT IS FURTHER ORDERED** that the motion of third party defendant A.I.G. Agency, Inc. to compel a response to Request for Production 13 is denied.

**IT IS FURTHER ORDERED** that the motion of third party defendant A.I.G. Agency, Inc. to compel a response to Interrogatory 7 (Doc. 118) is denied as moot.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 4, 2013.