UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERI CHIPMAN, as assignee of Transportation Insurance Company, ) ) ) | |
| Plaintiff, ) ) | Case No. 4:11 CV 117 DDN |
| v. ) ) ) | |
| A.I.G. AGENCY, INC., d/b/a ASSOCIATED INSURANCE GROUP, ) ) ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This action is before the court on the motion of defendant A.I.G. Agency, Inc. to enforce discovery and on the motion of plaintiff Transportation Insurance Company for the substitution of Sheri Chipman as plaintiff. (Docs. 179, 181.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. 12, 130.)

### I. BACKGROUND

On November 29, 2010, Paul Declue commenced this action in the Circuit Court of St. Louis County against Transportation Insurance Company for equitable garnishment under R.S.Mo. § 379.200. On January 19, 2011, Transportation Insurance invoked diversity of citizenship subject matter jurisdiction to remove the action to federal court. (Doc. 1.) On December 23, 2011, Transportation Insurance filed a third party complaint against A.I.G. Agency, Inc. (Doc. 31.) On January 23, 2013, Sheri Chipman, as personal representative of Paul Declue's probate estate, moved to substitute herself as plaintiff, which the court granted. (Doc. 122, 127.)

On May 6, 2013, Sheri Chipman settled with Transportation Insurance and moved to dismiss with prejudice her claim against Transportation Insurance, which the court granted on July 9, 2013. (Docs. 162, 178, 181-1.) As part of the settlement agreement, Transportation Insurance assigned its claims against A.I.G. Agency to Sheri Chipman. (Doc. 181-1.)

## II. DISCUSSION

A.I.G. Agency moves to enforce discovery against Transportation Insurance, arguing that Transportation must supplement its initial disclosures under Fed. R. Civ. P. 26(e)(1)(A) with information regarding the settlement agreement. Specifically, A.I.G. requests the terms of the settlement agreement and computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Transportation Insurance moves to substitute Sheri Chipman as plaintiff for its claims against A.I.G. Agency under Fed. R. Civ. P. 25(c) as a result of the assignment of the claim, arguing that Sheri Chipman is the real party of interest.[1] Transportation Insurance agrees that the initial disclosures must be supplemented but contends that the court should first grant the motion to substitute, requiring Sheri Chipman to respond. A.I.G. Agency states that allowing substitution of parties is discretionary and proposes that the court condition substitution on supplementation of discovery within ten days. (Docs. 180, 182-85.)

The Federal Rules of Civil Procedure require parties to provide as initial disclosures "a computation of each category of damages" as well as its evidentiary basis. Fed. R. Civ. P. 26(a)(1)(A)(iii). The rules also require supplementation of initial disclosures if a party learns that the disclosure is materially incorrect and if the information has not been made known to the other parties through discovery or in writing, or if the court so orders. Fed. R. Civ. P. 26(e)(1). The court finds supplementation of the damage computation appropriate in light of the settlement.

---

[1] Transportation Insurance's motion to substitute included as an exhibit the terms of the settlement agreement, rendering A.I.G. Agency's motion partially moot. (Doc. 181-1.)

Additionally, the Federal Rules of Civil Procedure grant the court discretion in the event of a transfer of interest to order substitution of a party for the transferee. Fed. R. Civ. P. 25(c). Here, Transportation Insurance assigned its claim against A.I.G. Agency to Sheri Chipman. (Doc. 181-1.) A.I.G. Agency presents no compelling reason to deny the motion to substitute. Nor does the court perceive the benefit of A.I.G. Agency's proposed condition in light of ample existing sanctions for Sheri Chipman's potential failure to comply with the discovery requests. See Fed. R. Civ. P. 37. Accordingly, Transportation Insurance's motion to substitute is sustained. Further, the court orders that Sheri Chipman comply with A.I.G. Agency's discovery request. Specifically, Sheri Chipman must provide "a straightforward statement of the precise dollar amount [where applicable] and category of damages being claimed, and all relevant documents including billing statements supporting any attorney fee requests" within ten days of this order.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Transportation Insurance Company to substitute Sheri Chipman as plaintiff (Doc. 181) is sustained.

**IT IS FURTHER ORDERED** that the motion of defendant A.I.G. Agency, Inc. to enforce discovery (Doc. 179) is sustained. Plaintiff Sheri Chipman must supplement the computation of damages as set forth herein within 10 days of this order.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 26, 2013.