UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERI CHIPMAN, as assignee of Transportation Insurance Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| A.I.G. AGENCY, INC., d/b/a ASSOCIATED INSURANCE GROUP, | ) ) ) |
| Defendant. | ) ) |

Case No. 4:11 CV 117 DDN

## MEMORANDUM

This action is before the court on motion of defendant A.I.G. Agency, Inc. d/b/a Associated Insurance Group for summary judgment against plaintiff Sheri Chipman as assignee of Transportation Insurance Company. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court heard oral argument on October 16, 2013.

## I.  BACKGROUND

On November 29, 2010, Paul Declue commenced this action in the Circuit Court of St. Louis County against Transportation Insurance Company for equitable garnishment under Mo. Rev. Stat. § 379.200.  (Doc. 1.)  On January 19, 2011, Transportation Insurance invoked diversity of citizenship subject matter jurisdiction to remove the action to federal court. (Doc. 1.) On December 23, 2011, Transportation Insurance filed a third party complaint against A.I.G. Agency, Inc., seeking indemnification.  (Doc. 31.)  On January 23, 2013, Sheri Chipman, as personal representative of Paul Declue's probate estate, moved to substitute herself as plaintiff, which the court granted. (Doc. 122, 127.)

On May 6, 2013, Sheri Chipman settled with Transportation Insurance and moved to dismiss with prejudice her claim against Transportation Insurance, which the court granted on July 9, 2013.  (Docs. 162, 178, 181-1.)  As part of the settlement agreement, Transportation Insurance assigned its claims against A.I.G. Agency to Sheri Chipman.  (Doc. 181-1.)  On July

19, 2013, Transportation Insurance moved to substitute Sheri Chipman as plaintiff, which the court granted on August 26, 2013.  (Docs. 181, 188.)

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant A.I.G. Agency moves for summary judgment, arguing that the certificate of insurance did not alter the policy, that the policy did not cover Paul Declue, and that Transportation Insurance fails to satisfy the elements for non-contractual indemnity.[1]  Prior to substitution of plaintiff for Transportation Insurance, Transportation Insurance responded that Hayden Homes and Paul Declue justifiably relied on the certificate of insurance due to apparent authority, which caused Paul Declue's injury and Transportation's settlement with plaintiff, and that the policy covered Paul Declue.  On August 28, 2013, subsequent to the substitution, plaintiff adopted Transportation Insurance's response in full.  (Docs. 140, 186, 189.)

Plaintiff and defendant also dispute the admissibility of the deposition transcripts of Tina Declue and Steve Shultz submitted by plaintiff.  However, the cited portions of the deposition transcripts are either irrelevant to the court's resolution of the motion for summary judgment or duplicative of other evidence contained in the record, rendering the admissibility dispute moot.

## III. FACTUAL BACKGROUND

The record establishes that the following facts are without genuine dispute.  Declue Tree Service is a business owned by Ralph and Tina Declue.  (Doc. 143-8 at 1.)  On May 24, 2000, Transportation Insurance issued a commercial general liability policy to Declue Tree Service for the period of June 29, 2000 to June 29, 2001.  (Doc. 143-4.)  The policy states:

**Section I – Coverages**

**Coverage A Bodily Injury and Property Damage Liability**

1. Insuring Agreement

---

[1] Although no longer parties, the conduct of Transportation Insurance Company and Paul Declue remains relevant to resolving this motion.  The court recognizes the complexity of the procedural history and clarifies that, hereinafter, use of the terms plaintiff and defendant refer to Sheri Chipman and A.I.G. Agency, Inc., respectively.

> a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> * * *
>
> b. This insurance applies to "bodily injury" and "property damages" if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
> >
> > (2) The "bodily injury" or "property damage" occurs during the policy period.
>
> * * *
>
> **Section V – Definitions**
>
> * * *
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person.
>
> * * *
>
> 13. "Occurrence" means an accident.
>
> * * *
>
> **Common Policy Conditions**
>
> All Coverage Parts included in this policy are subject to the following conditions:
>
> > B. Changes
>
> * * *
>
> This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

(<u>Id.</u> at 6, 14; Doc. 143-5 at 1, Doc. 143-6 at 5.)  The insurance policy declarations indicated the following coverage limits:

| | |
|---|---|
| General Aggregate | $100,000 |
| Products/Completed Operations Aggregate | $100,000 |
| Personal and Advertising Injury | $100,000 |

| | |
|---|---|
| Each Occurrence | $100,000 |
| Fire Damage Liability (any one fire) | $100,000 |
| Medical Expense (any one person) | $5,000 |

(Doc. 143-4 at 2.)

Defendant acted as a broker for the insurance policy pursuant to an agency agreement between defendant and Transportation Insurance.  (<u>Id.</u> at 3; Doc. 58 at ¶ 12; Doc. 186-2.)  The agency agreement states:

> We grant you the following authority:
>
> * * *
>
> B. To solicit, receive and transmit to us proposals for those insurance contracts . . . for which a rate of commission is specified in any Schedule or Addendum attached to this Agreement.  You agree not to alter, modify, waive or change any of the provisions or conditions of our insurance contracts, bonds, rates, rating rules or ratings plans.
>
> * * *
>
> D. To countersign insurance contracts, bonds, certificates and endorsements pertaining to such classes of risks written under this Agreement, sitused in the state of your residence.

(Doc. 186-2 at 2.)

Hayden Homes, Inc. met with Paul Declue about cutting trees on its development.  (Doc. 143-10 at 2.)  Hayden Homes' policy prohibited contractors from performing work on behalf of Hayden Homes before signing a documentary contract and providing a certificate of insurance.[2]  (Doc. 143-11 at 3.)  Paul Declue did not procure the requisite amount of insurance coverage but referred Hayden Homes to Declue Tree Service, owned by his nephew, Ralph Declue.  (Doc. 143-10 at 3-5.)  Hayden Homes provided Declue Tree Service with a contract form, which

---

[2] The contract form required commercial general liability insurance with the following minimum limits:

| | |
|---|---|
| General Aggregate | $2,000,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| Personal and Advertising Injury | $1,000,000 |
| Each Occurrence | $1,000,000 |
| Fire Damage Liability (any one fire) | $50,000 |
| Medical Expense (any one person) | $5,000 |

(Doc. 186-5 at 2.)

required a certificate of insurance showing Hayden Homes as a primary additional insured on the general liability policy. (Doc. 186-5 at 2.)

The certificate at issue states:

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

* * *

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE [(DECLUE TREE SERVICE)] FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

* * *

THE CERTIFICATE HOLDER [(Hayden Homes)] IS HEREBY NAMED AS AN ADDITIONAL INSURED AS THEIR INTEREST MAY APPEAR. Fax 293-2264

(Doc. 143-3.) The copy of the certificate provided to the court bears a signature in the name of "Gregory G. Wherry," an agent of defendant, identifies defendant as the "Producer," and bears the date November 20, 2000.[3]  (Id.)  It also referred only to Declue Tree Service's aforementioned insurance policy and indicated that the insurance policy had the following coverage:

| | |
|---|---|
| General Aggregate | $2,000,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| Personal and Advertising Injury | $1,000,000 |
| Each Occurrence | $1,000,000 |
| Fire Damage Liability (any one fire) | $50,000 |
| Medical Expense (any one person) | $5,000 |

(Doc. 143-3.)

---

[3] The parties dispute the origin of the certificate of insurance. For the purposes of this opinion, the origin of the certificate is not determinative, because the court has considered only the legal sufficiency of the certificate, assuming it was issued as plaintiff asserts.

Hayden Homes, Declue Tree Service, and Paul Declue entered into an agreement for the division of labor and profits for the cutting and sale of timber on the Hayden Homes development. (Doc. 186-4 at 12-16.) Work began before Declue Tree Service signed the documentary contract. (Doc. 143-8 at 1.) On November 24, 2000, a tree fell on Paul Declue's leg as he cut down a tree on the Hayden Homes development, leading to the amputation of his leg. (Doc. 58 at ¶ 8; Doc. 142 at 3.) Subsequently, Hayden Homes called Tina Declue to request that she sign and backdate a contract document. (Doc. 143-8 at 1.) On November 24 or 26, 2000, she complied and indicated on the contract document that she signed it on November 24, 2000. (Id. at 2; Doc. 186-5.)

Transportation Insurance denied coverage and refused the tender of Paul Declue's injury claim. (Doc. 143-19.) On February 11, 2004, Paul Declue filed a personal injury action against Hayden Homes and Declue Tree Service in the Circuit Court of St. Louis County. (Doc. 58 at ¶ 8; Doc. 142 at 4.) Paul Declue dismissed Declue Tree Service from that action. (Id.) On October 2, 2006, the circuit court entered a consent judgment in the amount of $550,000 against Hayden Homes pursuant to a settlement in which Paul Declue agreed to seek execution solely from Transportation Insurance. (Doc. 58 at ¶ 8; Doc. 142 at 4-5.)

On November 29, 2010, Paul Declue commenced this action in the Circuit Court of St. Louis County against Transportation Insurance for equitable garnishment under Mo. Rev. Stat. § 379.200 to execute the judgment, which Transportation Insurance then removed to this court. (Doc. 1.) On December 23, 2011, Transportation Insurance filed a third party complaint against A.I.G. Agency, Inc., seeking indemnification in the event of a judgment in favor of Paul Declue. (Doc. 31.) Thereafter, the court sustained the motion of plaintiff to dismiss with prejudice her claims against Transportation Insurance Company. (Doc. 178.)

.

## IV.  SUMMARY JUDGMENT STANDARD

This court must grant summary judgment when the pleadings and evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable finding of fact in favor of the nonmoving party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). The court

must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 379 (2007).

## V. DISCUSSION

Defendant moves for summary judgment on plaintiff's claim for indemnification, arguing that plaintiff fails to satisfy the elements of non-contractual indemnification, that the certificate of insurance did not alter the insurance policy, and that the insurance policy did not cover Paul Declue.

As assignee of Transportation Insurance, plaintiff claims that defendant must indemnify her for the $75,000 settlement between plaintiff and Transportation Insurance. Missouri courts recognize contractual and non-contractual indemnity. Beeler v. Martin, 306 S.W.3d 108, 110-11 (Mo. Ct. App. 2010). Plaintiff points to no specific contract provision, and the sole agreement between Transportation Insurance and defendant in the record contains no clause requiring defendant to indemnify Transportation Insurance. (Doc. 186-2.) Missouri law provides:

> To establish a claim for non-contractual indemnity, which is also referred to as common law indemnity or equitable indemnity, the plaintiff must show:
>
> (1) the discharge of an obligation by the plaintiff;
>
> (2) the obligation discharged by the plaintiff is identical to an obligation owed by the defendant; and
>
> (3) the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged.

Beeler, 306 S.W.3d at 111; State ex rel. Manchester Ins. & Indem. Co. v. Moss, 522 S.W.2d 772, 774 (Mo. 1975). Plaintiff alleges that A.I.G. Agency's creation of the certificate of insurance exposed Transportation Insurance to liability, which resulted in the settlement with plaintiff. In essence, plaintiff equates exposure to liability with an obligation to settle. Plaintiff cites no authority in support of this proposition.

Nor does plaintiff expressly identify the specific claim from which the obligation to settle arose. In the complaint, plaintiff alleges against Transportation Insurance an equitable

garnishment action under Mo. Rev. Stat. § 379.200, which turns on whether the Transportation Insurance policy covered Paul Declue's accident. (Doc. 5.) By contrast, in the response memorandum, plaintiff argues that Paul Declue and Hayden Homes justifiably relied on the certificate of insurance issued by A.I.G. Agency and that Transportation Insurance was liable due to the apparent authority it bestowed upon A.I.G. Agency. (Doc. 166.) Court determination of liability is not required for indemnification, and a "sum paid in prudent settlement of a claim is not a voluntary payment, but is rather a sum paid under legal compulsion." Pilla v. Tom-Boy, Inc., 756 S.W.2d 638, 640 (Mo. Ct. App. 1988). Missouri courts have held, although in the context of class action settlements, that "[t]he most important consideration in determining if a settlement is fair, reasonable, and adequate is the strength of the plaintiff's case on the merits balanced against the offered settlement." Bachman v. A.G. Edwards, Inc., 344 S.W.3d 260, 266 (Mo. Ct. App. 2011). Additionally, in the context of settlement agreements allowing recovery of the settlement proceeds from only insurers, Missouri courts have held, "The test for reasonableness is 'what a reasonably prudent person in the position of the defendant would have settled for on the merits of the plaintiff's claim.' In determining reasonableness, we consider the 'facts bearing on the liability and damage aspects of plaintiff's claim, as well as the risks of going to trial.'" Auto-Owners Ins. Co. v. Ennulat, 231 S.W.3d 297, 303 (Mo. Ct. App. 2007). As set forth below, the court finds that neither the equitable garnishment action or the justifiable reliance argument created an obligation for Transportation Insurance to settle with plaintiff.

Regarding plaintiff's argument that the obligation to settle arose from the claim for equitable garnishment under Mo. Rev. Stat. § 379.200, plaintiff's contention that Transportation Insurance covered Paul Declue's accident stems from the certificate of insurance issued by defendant. Although the certificate states that Hayden Homes is an insured under the insurance policy, by its own terms, the certificate limits the effect of the statement by disclaiming that it conferred any rights not included in the policy. (Doc. 143-3.) Moreover, a Missouri statute also limits the effect of certificates of insurance:

> A certificate of insurance is not a policy of insurance and does not affirmatively or negatively amend, extend, or alter coverage afforded by the policy to which the certificate of insurance makes reference. A certificate of insurance shall not confer to a certificate holder new or additional rights beyond what the referenced policy of insurance expressly provides.

Mo. Rev. Stat. § 379.108(9); see also 3 COUCH ON INS. § 40:31 ("[A] certificate of insurance cannot create a contractual relationship between an insurer and an alleged additional insured if the policy itself does not provide for such a relationship.")  Missouri law also requires that each certificate contain language reflecting this limitation, offering sample language substantially mirroring the language on the certificate issued by defendant.  Mo. Rev. Stat. § 379.108(3).  Further, the insurance policy expressly states that an alteration of its terms requires an endorsement from Transportation Insurance.  (Doc. 143-6 at 5.)  In sum, the certificate of insurance did not alter the insurance policy.

Plaintiff argues that defendant remains liable for coverage on the theory of apparent authority.  Specifically, plaintiff argues that defendant's obligation arises from Hayden Homes' reliance on defendant's apparent authority to alter the policy.  "Apparent authority is authority which a principal, by its acts or representations, has led third persons to believe has been conferred upon an agent."  Lynch v. Helm Plumbing & Elec. Contractors, Inc., 108 S.W.3d 657, 660 (Mo. Ct. App. 2002).  However, even assuming defendant possessed actual authority to alter the policy or that Transportation Insurance itself issued the certificate, the certificate would not have extended coverage or otherwise altered the policy for the reasons stated above.

The court does not suggest that a court's subsequent determination that a settled claim lacks merit alone renders the settlement imprudent.  However, here, because the applicable law appears well settled and the material facts are undisputed, the court concludes that Transportation Insurance had no obligation to settle the equitable garnishment claim.

Regarding plaintiff's argument that Transportation Insurance had an obligation to settle with plaintiff under the theory of justifiable reliance, plaintiff's complaint contains no justifiable reliance claim against Transportation Insurance.[4]  (Doc. 5.)  Further, the record contains no evidence that plaintiff intended to allege a justifiable reliance claim or a claim with justifiable reliance as an element or that Transportation Insurance suspected plaintiff of doing so.

---

[4] Plaintiff's response memorandum uses the term "justifiable reliance" without further specification.  Although the court need not ascertain the meaning of this term to resolve this motion, the court finds no cause of action known as "justifiable reliance" under Missouri law.  However, the court notes that under Missouri law, justifiable reliance is an element of the torts of negligent and fraudulent misrepresentation, Massie v. Colvin, 373 S.W.3d 469, 472 (Mo. Ct. App. 2012), and that detrimental reliance is an element of promissory estoppel.  Clevenger v. Oliver Ins. Agency, Inc., 237 S.W.3d 588, 590 (Mo. 2007).

Accordingly, the court finds that Transportation Insurance had no obligation to settle such a claim.

The court declines to adopt plaintiff's contention that exposure to liability equates to an obligation to settle and concludes that plaintiff has not established that Transportation Insurance had any duty to settle with plaintiff.  Therefore, plaintiff, as assignee of Transportation Insurance, cannot satisfy the elements of the indemnification claim against defendant. Accordingly, defendant's motion for summary judgment is sustained.

## VI.  CONCLUSION

For the reasons stated above, the motion of defendant A.I.G. Agency, Inc. d/b/a Associated Insurance Group for summary judgment against plaintiff Sheri Chipman as assignee of Transportation Insurance Company (Doc. 140) is sustained.  The action is dismissed with prejudice.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 29, 2013.